Mark D. Selwyn (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: +1 650 858 6000
Facsimile: +1 650 858 5000

*Attorneys for Applicants*
*Apple Inc.; Apple Distribution International;*
*and Apple Retail Germany B.V. & Co. KG*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re* Ex Parte Application of<br><br>APPLE INC.; APPLE DISTRIBUTION INTERNATIONAL; AND APPLE RETAIL GERMANY B.V. & Co. KG<br><br>Applicants,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery From Qualcomm Inc. for Use in Foreign Proceedings | Case No. **'18CV1055 W    KSC**<br><br>**APPLE INC. *ET AL*'S EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS AND SUPPORTING MEMORANDUM** |

Apple[1] applies to the Court *ex parte* for an order pursuant to 28 U.S.C. § 1782 granting Apple leave to obtain targeted discovery from Qualcomm Incorporated ("Qualcomm") for use in foreign litigations currently pending in Germany. Though not required, Apple is providing a copy of its ex parte application to Qualcomm contemporaneous with this filing.

## I.   INTRODUCTION

Qualcomm has sued Apple for infringement and injunctions in multiple jurisdictions around the world, including courts and administrative bodies in the United States and Germany. The lawsuits allege that certain Apple products infringe various Qualcomm patents purportedly covering a range of technologies, including carrier aggregation, envelope tracking, integrated circuit fabrication and design, selecting communications channels, and switch circuits. Under 28 U.S.C. § 1782, parties to foreign litigations, such as Apple, may obtain discovery from companies located within the United States.

In support of its defenses to the actions filed by Qualcomm against Apple in Germany, Apple seeks three narrowly tailored categories of discovery from Qualcomm: (1) discovery regarding the existence of a premium baseband chip market and its scope, including any Qualcomm internal communications regarding the existence of such a market; (2) discovery regarding Qualcomm's testing to determine if Apple's products incorporate the alleged invention of European Patent Nos. 2,954,737, 2,724,461, 1,199,760, 1,955,529, 3,094,067, 1,956,806, 3,054,658, 3,036,768, or 2,460,270, or their U.S. counterparts or other related patents; and (3) discovery regarding Qualcomm's licensing agreements with Apple's iPhone manufacturers. At least some of the discovery that Apple is seeking has already been produced in other litigations currently pending between Apple and Qualcomm in the

---

[1] Except as otherwise indicated, as used herein, "Apple" means Apple Inc., Apple Distribution International, and Apple Retail Germany B.V. & Co. KG.

- 1 -   APPLE'S EX PARTE APPLICATION FOR
AN ORDER PURSUANT TO 28 U.S.C. §1782

International Trade Commission and before this Court but is not available for use in Germany.

Apple's application satisfies Section 1782's three statutory requirements. First, it is filed in "the district in which [the] person resides," 28 U.S.C. § 1782(a), because Qualcomm's principal place of business is in San Diego, California. Second, Apple seeks the discovery "for use in a proceeding in a foreign . . . tribunal," *id.*, specifically the Munich and Mannheim Regional Courts in Germany. Third, Apple, and its Foreign Subsidiaries qualify as "interested persons" in those foreign proceedings because they are named parties to those proceedings. *See id.*; *see also Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004) ("No doubt litigants are included among, and may be the most common example of, 'interested persons' who may invoke § 1782" (alterations omitted)). Indeed, Qualcomm has asserted that this same set of statutory factors are met through its litigations against Apple in Germany in a parallel Section 1782 application that it filed in the Middle District of North Carolina, seeking discovery from an Apple component supplier. *See In re Ex Parte Application of Qualcomm Incorporated*, Case No. 1:18-MC-00010, Dkt. 1 at 4 (M.D.N.C., March 27, 2018).

Moreover, the factors identified by the Supreme Court to guide courts' discretion in analyzing applications under Section 1782 favor granting Apple's request. Specifically, the foreign jurisdiction at issue is receptive to the type of discovery sought by Apple, the discovery provides key information for the foreign proceedings, and the request is not made to circumvent any limitation on discovery imposed by the foreign court. Finally, the discovery request is narrowly tailored and is not unduly intrusive or burdensome. To the extent the requested documents contain confidential business information, Apple will agree to protect the information from disclosure as may be appropriate. Accordingly, Apple respectfully requests that the

Court enter the order attached as Exhibit A and allow Apple to serve the subpoena attached as Exhibit B.

## II. FACTUAL BACKGROUND

Qualcomm has filed multiple patent infringement lawsuits against Apple in this Court[2], before the United States International Trade Commission[3], and in Germany and China. In the German proceedings, which are pending in the Munich and Mannheim Regional Courts, Qualcomm alleges that Apple infringes nine European patents purportedly covering a variety of technologies, including carrier aggregation, envelope tracking, integrated circuit fabrication and design, selecting a communications channel, switch circuits, and interface design for operating systems running on mobile communication devices. (Declaration of Joseph J. Mueller ("Mueller Decl.") ¶¶ 4-5.) Qualcomm has accused Apple's iPhone 6, iPhone 6S, iPhone SE, iPhone 7, iPhone 7 Plus, iPhone 8, iPhone 8 Plus, and iPhone X of infringing the patents asserted in Germany. (*Id.* ¶ 7.)

## III. ARGUMENT

### A. Legal Standard

Section 1782 is "the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp.*, 542 U.S. at 247. Over time, Congress has "substantially broadened the scope of assistance federal courts could provide for foreign proceedings." *Id.* at 247-49.

---

[2] *Qualcomm Inc. v. Apple Inc.*, Case No. 17-cv-1375-DMS-MDD (S.D. Cal.); *Qualcomm Inc. v. Apple Inc.*, Case No. 17-cv-2398-DMS-MDD; *Qualcomm Inc. v. Apple Inc.*, Case No. 17-cv-2402-DMS-MDD; *Qualcomm Inc. v. Apple Inc.*, Case No. 17-cv-2403-DMS-MDD.

[3] *In the Matter of Certain Mobile Electronic Devices and Radio Frequency and Processing Components Thereof*, USITC Inv. No. 337-TA-1065; *In the Matter of Certain Mobile Electronic Devices and Radio Frequency and Processing Components Thereof*, USITC Inv. No. 337-TA-1093.

> Section 1782 provides in relevant part:
>
> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person and may direct that the testimony or statement may be given, or the document or other thing to be produced, before a person appointed by the court.

28 U.S.C. § 1782(a).  A district court has authority to grant an application under section 1782 where three requirements are satisfied: "(1) the person from whom discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or any interested person."  *E.g.*, *In re Ex Parte Appl. of Apple Inc.*, 15-cv-1780, 2015 WL 5838606, at *2 (S.D. Cal. Oct. 7, 2015) (quoting *Ex Parte Rigby*, No. 13-cv-0271, 2013 WL 622235, at *1 (S.D. Cal. Feb. 19, 2013)); *In re Appl. of Motorola Mobility, LLC*, No. C 12-80243, 2012 WL 4936609, at *1 (N.D. Cal. Oct. 17, 2012) (same); *In re Appl. of Shahrokh Mireskandari*, No. 12-cv-2865, 2012 WL 12877390, at *2 (S.D. Cal. Dec. 12, 2012) (same).

In *Intel*, the Supreme Court set forth several non-exclusive factors to aid district courts in determining how to exercise their discretion in granting Section 1782 applications.  These factors include (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court assistance"; (3) whether the request is "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery is "unduly intrusive or burdensome."  *Intel*, 542 U.S. at 264-65; *In re Motorola*, 2012 WL 4936609, at *2-*3 (outlining the *Intel* factors as (1)

"Jurisdictional Reach," (2) "Nature and Receptivity of Foreign Tribunals," (3) "Attempt to Circumvent Foreign Proof-Gathering Restrictions and Policies," and (4) "Undue Intrusion of Burden").  Courts in this District have previously granted applications by Apple seeking discovery from Qualcomm.  *See, e.g.*, *In re Apple*, 2015 WL 5838606, at *5; Ex. 1[4], *In re Ex Parte Appl. Of Apple Inc.*, No. 3:11-cv-03058-IEG-BGS, slip op. (S.D. Cal. Oct. 13, 2011); Ex. 2, *In re Ex Parte App. of Apple Inc.*, No. 3:12-cv-00147-LAB-WMC, slip op. (S.D. Cal. Jan. 25, 2012).

### B. Apple's Application Meets the Section 1782 Requirements

Apple's request for discovery meets each of the three statutory requirements.

***First***, the company from which discovery is sought, Qualcomm, "resides or is found" in this District.  28 U.S.C. § 1782(a).  Qualcomm has its principal place of business at 5775 Morehouse Drive, San Diego, California.  *See e.g., Qualcomm Inc. v. Apple Inc.,* Case No. 17-cv-1375 (S.D. Cal), Complaint, Dkt. No. 14, ¶ 13 (stating "Qualcomm is a Delaware corporation with its principal place of business at 5775 Morehouse Drive, San Diego, California."); *see also In re Apple*, 2015 WL 5838606, at *2 (finding Qualcomm is "found" in the Southern District of California).

***Second***, the discovery is sought for use in a "proceeding before a foreign tribunal."  28 U.S.C. § 1728(a).  Specifically, Apple seeks the discovery for use in establishing defenses in the patent infringement actions brought by Qualcomm in the Munich and Mannheim Regional Courts in Germany.  These venues are courts of first instance for hearing patent litigation and have been consistently recognized as "tribunals" for purposes of Section 1782.  *See, e.g.*, *In re Apple*, 2015 WL 5838606, at *2 (affirming that German courts are "tribunals" under Section 1782); *Cryolife, Inc. v. Tenaxis Medical, Inc.*, No. C08-05124 HRL, 2009 WL 88348, at *1-*2 (N.D. Cal. Jan 13, 2009) (concluding that the statutory requirements of a Section 1782 application

---

[4] Exs. 1-4 refer to exhibits to the Declaration of Joseph J. Mueller, filed herewith.

were satisfied where the application sought discovery for ongoing litigation in a German court).

***Third***, as named parties in the foreign actions, Apple and its subsidiaries qualify as "interested part[ies]." 28 U.S.C. § 1782(a); *Intel*, 542 U.S. at 256 ("No doubt litigants are included among . . . the 'interested persons' who may invoke § 1782" (alteration omitted)).

Accordingly, Apple has satisfied the statutory requirements for an application under 28 U.S.C. § 1782.

### C. The Supreme Court's *Intel* Factors Strongly Favor Granting Apple's Application

In addition, the factors identified by the Supreme Court in *Intel* and by other courts are either neutral or weigh in favor of the Court exercising its discretion to grant Apple's request for discovery.

#### 1. The German Courts Have Jurisdiction Over Qualcomm

When an applicant seeks discovery from a party in the foreign litigation, "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad[.]" *Intel*, 542 U.S. at 264. However, courts in this circuit have found that this factor is neutral when the foreign tribunal is a German court. *See Cryolife, Inc.*, 2009 WL 88348, at *2-*3 (discussing competing expert reports regarding the availability of discovery in German court and concluding that "this factor does not clearly weigh in favor of either party"); *see also id.* at *5 (granting the Section 1782 application in spite of finding that the first *Intel* did not weigh in favor or against granting the application); *Siemens AG v. Western Digital Corp.*, No. 8:13-cv-01407-CAS-(AJWx), 2013 WL 5947973, at *2 (C.D. Cal. Nov. 4, 2013) (finding that with respect to litigation in German courts, the first *Intel* factor is neutral and reaffirming in part a prior grant of a Section 1782 application).

- 6 -   APPLE'S EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. §1782

### 2. Apple Seeks Highly Relevant Information that will Assist the Foreign Courts

The nature and character of the foreign proceedings and the receptivity of the foreign courts to U.S. federal-court judicial assistance, weigh in favor of this Court granting Apple's request for discovery. *See Intel*, 542 U.S. at 264. Because the nature and character of the foreign proceedings involve Qualcomm's allegations of patent infringement, discovery regarding the three categories of evidence previously described in this application are critical. *See London v. Does*, 279 F. App'x 513, 515 (9th Cir. 2008) (affirming order granting Section 1782 discovery where proof sought was "critical" in light of the "nature and character of the foreign case"). Moreover, prior cases have recognized the receptiveness of German courts to the use of discovery obtained through Section 1782. *See, e.g.*, *In re Apple*, 2015 WL 5838606, at *4 (granting Apple's Section 1782 application for discovery to be used in a German court in part because of "the multiplicity of foreign proceedings and the potential complexity of foreign patent litigation"); *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 596 (7th Cir. 2011) ("[T]here is no indication that the German court in which [Plaintiff's] suit against [Defendant] is pending would refuse to admit evidence that [Plaintiff] obtained through U.S. discovery and could not have obtained by utilizing the procedures of German law for evidence gathering."); *Cryolife*, 2009 WL 88348, at *3 ("If the German court decides that it does not need or want the discovery sought, it no doubt has the authority to exclude the material from evidence. On the record presented, this court finds no basis to conclude that the German court would be unreceptive to the information requested by [the Applicant].").

### 3. No Foreign Discovery Restrictions Bar Apple's Requested Discovery

Section 1782 does not require that the documents sought be discoverable in the foreign tribunal. *Intel,* 542 U.S. at 260-63. However, a district court could consider

- 7 -   APPLE'S EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. §1782

whether an applicant is seeking discovery in bad faith "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Id.* at 265. Here, Apple is unaware of any restrictions on proof-gathering procedures that would prohibit obtaining the discovery it seeks through Section 1782. To the contrary, as noted above, U.S. courts have routinely granted applications under Section 1782 for evidence to be used in German courts. *See, e.g.*, *Cryolife*, 2009 WL 88348, at *5 (granting Section 1782 application for discovery to be used in a German court).

### 4. Apple's discovery is Narrowly Tailored to Avoid Undue Burden

Apple's proposed discovery requests are narrowly tailored and minimally burdensome. *See Intel*, 542 U.S. at 265 ("unduly intrusive or burdensome requests may be rejected or trimmed"). Apple is seeking discovery on topics that have been, in part, the subject of parallel litigation before the International Trade Commission and this Court in *Qualcomm Inc. v. Apple Inc.*, Case No. 17-cv-1375-DMS-MDD (S.D. Cal). For example, in both the International Trade Commission, and the 17-cv-1375-DMS-MDD case currently pending before this Court, Apple has requested information regarding the market for premium baseband chipsets, as well as licensing agreements with Apple's iPhone manufacturers. With respect to Qualcomm's analysis and testing of the asserted patents, Qualcomm has produced responsive documents for at least two of the patents asserted in Germany—European Patent Nos. 2,954,737 and 2,724,461—which have U.S. counterparts that have also been asserted against Apple in the United States in the International Trade Commission and in this Court.[5] (*See e.g.*, *id.* at Request No. 90 (seeking documents related to testing of Apple's accused products).

---

[5] *See Qualcomm Inc. v. Apple Inc.*, Case No. 17-cv-1375-DMS-MDD (S.D. Cal), First Amended Complaint, Dkt. 14 (August 25, 2017), ¶ 34 (asserting infringement of U.S. Patent Nos. 8,698,558 and 9,608,675); Ex 3, *In the Matter of Certain Mobile*

The universe of responsive documents is thus at least partly duplicative of discovery Qualcomm has already provided in other forums, lessening any burden on Qualcomm.

### 5. Granting Apple's Section 1782 Request Would Promote Efficient Discovery

In addition to the *Intel* factors, courts have also considered other evidence suggesting that the discovery sought accomplishes the goals of Section 1782, such as whether the requested discovery "provid[es] efficient means of assistance to participants in international litigation in our federal courts." *Marubeni Am. Corp. v. LBA Y.K.*, 335 F. App'x 95, 96 (2d Cir. 2009) (citation omitted). Here, given the worldwide complex nature of the litigation between Apple and Qualcomm, Section 1782 provides an effective means for obtaining the discovery sought by Apple. As noted previously, the ongoing litigation in Germany is parallel to litigation in this Court and the International Trade Commission, and, as explained above, the discovery sought by Apple in this application seeks discovery about Qualcomm's claims and Apple defenses in Germany, some of which has already been produced in other litigations but is currently unavailable in the German tribunal.

### 6. The Court Should Exercise Its Discretion and Grant Apple's Request

The *Intel* factors, and other factors considered by the courts, favor the Court exercising its discretion to grant Apple's application. Courts in this Circuit routinely permit discovery under Section 1782 where, as here, the applicant has satisfied the three statutory requirements and the *Intel* factors support granting the requested relief.

---

*Electronic Devices and Radio Frequency and Processing Components Thereof*, USITC Inv. No. 337-TA-1065, Complaint (July 7, 2017) ("ITC Complaint"), ¶ 2 (same); Ex. 4, Exhibit 13 to ITC Complaint at 2 (identifying EP 2,724,461 as European counterpart to U.S. Patent No. 8,698,558); *id.* at 6 (identifying EP 2,954,737 as European counterpart to U.S. Patent No. 9,608,675).

*See, e.g.*, *In re Apple*, 2015 WL 5838606, at *5 ("Exercising [its] discretion, the Court concludes the Ex Parte Application should be granted. Specifically, the potentially complex nature of the foreign proceedings supports granting the application.").

## IV.   CONCLUSION

Apple seeks narrowly tailored discovery for use in proceedings currently pending in Germany. Because Apple's request satisfies the three statutory requirements of 28 U.S.C. § 1782 and because the *Intel* factors weigh in favor of granting the application, Apple respectfully requests that this Court issue the proposed order attached as Exhibit A, authorizing the issuance of a subpoena in substantially the same form as Exhibit B.

DATED: May 29, 2018                    Respectfully submitted,

By: */s/ Mark D. Selwyn*
Mark D. Selwyn (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: +1 650 858 6000
Facsimile: +1 650 858 5000

*Attorneys for Plaintiff*
 APPLE INC.; APPLE DISTRIBUTION INTERNATIONAL; AND APPLE RETAIL GERMANY B.V. & Co. KG