# Exhibit 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re* Ex Parte Application of<br><br>APPLE INC.; APPLE GMBH; APPLE RETAIL GERMANY GMBH; APPLE, JAPAN INC.; APPLE SALES INTERNATIONAL; APPLE HOLDING B.V.; APPLE BENELUX B.V.; APPLE NETHERLANDS B.V.; APPLE RETAIL NETHERLANDS B.V.; APPLE KOREA LTD.; APPLE FRANCE; APPLE RETAIL FRANCE; APPLE ITALIA S.R.L.; APPLE RETAIL UK LIMITED; and APPLE PTY LIMITED.<br><br>Applicants, | Case No. 11mc1268<br><br>**ORDER GRANTING APPLE'S EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS** |

This matter comes before the Court on the Ex Parte Application of Apple Inc.; Apple GmbH; Apple Retail Germany GmbH; Apple, Japan, Inc.; Apple Sales International; Apple Holding B.V.; Apple Benelux B.V.; Apple Netherlands B.V.; Apple Retail Netherlands B.V.; Apple Korea Ltd.; Apple France; Apple Retail France; Apple Italia s.r.l.; Apple Retail UK Limited; and Apple Pty Limited ("Apple") for an Order to Obtain Discovery for Use in Foreign Proceedings pursuant to 28 U.S.C. § 1782(a) (the "Application"). The Application seeks

documents from Qualcomm Inc. ("Qualcomm") in connection with patent litigation pending between Apple and Samsung Electronics Co., Ltd. and its affiliates in Germany, Japan, the Netherlands, South Korea, France, Italy, the United Kingdom, and Australia. Samsung has filed an opposition, and Apple has filed a reply.

The Court has fully considered the papers on file. Apple's application satisfies the three statutory requirements under §1782. The application is filed in the "district in which [the] person resides," it seeks discovery "for use in a proceeding in a foreign … tribunal," and Apple is an "interested person[] the foreign proceeding. Furthermore, Apple has satisfied the four factors identified by the Supreme Court to guide courts' discretion in analyzing applications under §1782. Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 256 (2004). Qualcomm is not a participant in the foreign proceedings, and §1782 provides an effective and streamlined mechanism for obtaining the discovery for use across the various foreign cases. Case law demonstrates the foreign jurisdictions at issue are receptive to the type of discovery sought by Apple, and there is nothing to indicate the request is made to circumvent limitations on discovery imposed by those foreign courts. Finally, the subpoena appears narrowly tailored such that the documents sought would be relevant to the claims against Apple in the foreign courts and compliance would not be unduly intrusive or burdensome.

Samsung objects to the application, arguing the subpoena is unnecessary because Apple can obtain the documents directly from Samsung in discovery in the foreign proceedings. However, the Court has no assurance the evidence would be available in each of the foreign venues in which Samsung is pursuing litigation. In addition, Apple's application sufficiently outlines the relevance of the evidence sought. There is nothing at this point that leads the Court

to believe Apple's request is a "fishing expedition" or intended to be a vehicle for harassment. Therefore, the Court GRANTS Apple's application.

**IT IS HEREBY ORDERED** that Apple is granted leave to issue a subpoena for documents in substantially the form as attached to the Application, directing Qualcomm to produce the documents requested in the subpoena at the offices of Merrill Corporation, 8899 University Center Lane, Suite 200, San Diego, CA 92122, or another location mutually agreeable to Apple and Qualcomm.

It is further **ORDERED** that copies of the Application and Memorandum in Support thereof and this Order shall be served upon Qualcomm Inc., 5775 Morehouse Drive, San Diego, CA 92121.

This order is made without prejudice to any motion to quash by Qualcomm, or any further motion for protective order by Samsung. Any motion seeking such relief shall be filed under this case number.

**IT IS SO ORDERED.**

Dated: October 13, 2011

Irma E. Gonzalez, Chief Judge
United States District Court

3