# EXHIBIT A

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of California

| In re App. of Apple for Order Per 28 U.S.C. § 1782 | ) |  |
|---|---|---|
| *Plaintiff* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
| *Defendant* | ) |  |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Qualcomm Incorporated, 5775 Morehouse Drive, San Diego, California 92121

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Please refer to Attachment A

| Place: Kramm Associates<br>Discovery Conference Center, 401 West A Street, Suite 750, San Diego, CA 92101 | Date and Time: |

The deposition will be recorded by this method: stenographic, real-time, and/or audio/visual means

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Please refer to Attachment A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____     _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Apple Inc. and its foreign subsidiaries, as defined in the accompanying Attachment A , who issues or requests this subpoena, are:

Mark D. Selwyn, Wilmer Cutler Pickering Hale and Dorr LLP, 950 Page Mill Road, Palo Alto, California 94304
Phone: (650) 858-6031, Email: mark.selwyn@wilmerhale.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A
# DEFINITIONS

a. "Qualcomm," "You," and "Your" mean Qualcomm Inc., and all its corporate locations, predecessors, predecessors-in-interest, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture, licensing agreements, or partnership relationships with Qualcomm and others acting on behalf of Qualcomm.

b. "German Actions" means, collectively:

   i. *Qualcomm Inc. v. ADI, Apple Retail Germany*, No. 7 O 10495 (District Court Munich) (alleging infringement of European Patent No. 2,724,461);

   ii. *Qualcomm Inc. v. Apple Inc.*, No. 7 O 10496 (District Court Munich) (alleging infringement of European Patent No. 2,724,461);

   iii. *Qualcomm Inc. v. ADI, Apple Retail Germany*, No. 7 O 14453 (District Court Munich) (alleging infringement of European Patent No. 1,199,750);

   iv. *Qualcomm Inc. v. Apple Inc.*, No. 7 O 14458 (District Court Munich) (alleging infringement of European Patent No. 1,199,750);

   v. *Qualcomm Inc. v. ADI, Apple Retail Germany*, No. 7 O 14454 (District Court Munich) (alleging infringement of European Patent No. 1,955,529);

   vi. *Qualcomm Inc. v. Apple Inc.*, No. 7 O 14459 (District Court Munich) (alleging infringement of European Patent No. 1,955,529);

   vii. *Qualcomm Inc. v. ADI, Apple Retail Germany*, No. 7 O 14455 (District Court Munich) (alleging infringement of European Patent No. 3,094,067);

    viii.   *Qualcomm Inc. v. Apple Inc.*, No. 7 O 144560 (District Court Munich) (alleging infringement of European Patent No. 3,094,067);

    ix.   *Qualcomm Inc. v. ADI, Apple Retail Germany*, No. 7 O 14456 (District Court Munich) (alleging infringement of European Patent No. 1,956,806);

    x.   *Qualcomm Inc. v. Apple Inc.*, No. 7 O 14461 (District Court Munich) (alleging infringement of European Patent No. 1,956,806)

    xi.   *Qualcomm Inc. v. ADI, Apple Retail Germany*, No. 7 O 14457 (District Court Munich) (alleging infringement of European Patent No. 3,054,658);

    xii.   *Qualcomm Inc. v. Apple Inc.*, No. 7 O 14462 (District Court Munich) (alleging infringement of European Patent No. 3,054,658)

    xiii.   *Qualcomm Inc. v. ADI, Apple Retail Germany*, No. 2 O 127/17 (District Court Mannheim) (alleging infringement of European Patent No. 2,954,737);

    xiv.   *Qualcomm Inc. v. Apple Inc.*, No. 2 O 128/17 (District Court Mannheim) (alleging infringement of European Patent No. 2,954,737)

    xv.   *Qualcomm Inc. v. ADI, Apple Retail Germany.*, No. 2 O 189/17 (District Court Mannheim) (alleging infringement of European Patent No. 3,036,768);

    xvi.   *Qualcomm Inc. v. Apple Inc.*, No. 2 O 15/18 (District Court Mannheim) (alleging infringement of European Patent No. 3,036,768);

    xvii.   *Qualcomm Inc. v. ADI, Apple Retail Germany.*, No. 2 O 190/17 (District Court Mannheim) (alleging infringement of European Patent No. 2,460,270); and

        xviii.    *Qualcomm Inc. v. Apple Inc.*, No. 2 O 16/18 (District Court Mannheim) (alleging infringement of European Patent No. 2,460,270).

    c.    "Apple and its Foreign Subsidiaries" means Apple Inc., Apple Distribution International, and Apple Retail Germany B.V. & Co. KG.

    d.    "Document" is synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a) and includes, without limitation, any written, printed, typed, electronic, photostated, photographed, recorded, or otherwise reproduced communication or representation. A draft or non-identical copy is a separate document within the meaning of this term.

    e.    Person" or "Entity" and their plural forms include, without limitation any natural person or any business, proprietorship, firm, partnership, corporation, association, organization, or other legal entity. The acts of a Person shall include the acts of directors, officers, owners, members, employees, agents, attorneys, or other representatives acting on the Person's behalf.

    f.    The terms "Agreement(s)" or "Contract(s)" mean any oral or written contract, arrangement or understanding, whether formal or informal, between two or more persons, together with all modifications and amendments thereto.

    g.    "Wistron" means Wistron Corporation, including any predecessors, successors, subsidiaries, departments, divisions, partnerships, joint ventures and/or affiliates, including all present and former directors, officers, trustees, employees, attorneys, agents, managers, representatives, or any persons acting or purporting to act on behalf of any of the foregoing.

    h.    "Foxconn/Hon Hai" means Foxconn International Holdings Limited, FIH Mobile Ltd., or Hon Hai Precision Industry Co., Ltd., including any predecessors, successors, subsidiaries, departments, divisions, partnerships, joint ventures and/or affiliates, including all present and former directors, officers,

trustees, employees, attorneys, agents, managers, representatives, or any persons acting or purporting to act on behalf of any of the foregoing.

   i. "Pegatron" means Pegatron Corporation, including any predecessors, successors, subsidiaries, departments, divisions, partnerships, joint ventures and/or affiliates, including all present and former directors, officers, trustees, employees, attorneys, agents, managers, representatives, or any persons acting or purporting to act on behalf of any of the foregoing.

   j. "Compal" means Compal Electronics, Inc., including any predecessors, successors, subsidiaries, departments, divisions, partnerships, joint ventures and/or affiliates, including all present and former directors, officers, trustees, employees, attorneys, agents, managers, representatives, or any persons acting or purporting to act on behalf of any of the foregoing.

   k. "Apple's Contract Manufacturer(s)" means the Persons or Entities engaged in the manufacture or assembly of any Apple Device, including without limitation Foxconn/Hon Hai, Pegatron, Wistron, and Compal, including any predecessors, successors, subsidiaries, departments, divisions, partnerships, joint ventures and/or affiliates, including all present and former directors, officers, trustees, employees, attorneys, agents, managers, representatives, or any persons acting or purporting to act on behalf of the responding of such Persons or Entities.

   l. The term "Device(s)" means a complete end user device, including without limitation personal digital assistants, multi-media terminals (such as e-books and tablets), data terminals, laptop or notebook computers, fixed wireless telephones, and mobile wireless telephones that can be used, without any additional equipment or components being attached, to initiate and receive wireless telecommunications.

   m. The term "Baseband Processor Chipset(s)" means any baseband processor modem, radio frequency transceiver, digital signal processor, integrated

circuit, chip or chipset, or any combination thereof, and any related software, used to implement cellular communication, specifically including both systems on a chip (or SoCs) and discrete or thin modems.  A reference to a Baseband Processor Chipset in conjunction with a specific Standard (e.g., a CDMA Baseband Processor Chipset) means any Baseband Processor Chipset marketed or sold as supporting that Standard, even if it is a multi-mode chipset capable of supporting additional Standards.

n.      The term "Radio Frequency Integrated Circuit", means any integrated circuit used to implement cellular communication in conjunction with and marketed and supplied along with a Baseband Processor Chipset.

o.      The term "Premium LTE Baseband Processor Chipset(s)" means Baseband Processor Chipset(s) for use in a "premium device tier," as that phrase is used in Qualcomm's Form 10-K for the fiscal year ended September 25, 2016 (e.g., at page 21) and that support the use of the LTE Standard.

p.      "Relating to" means, without limitation, referring to, having any relationship to, pertaining to, reflecting, evidencing, involving, describing, or constituting, whether directly or indirectly, in whole or in part, the subject matter of the particular request.

q.      The words "and" and "or" shall be construed conjunctively and disjunctively, whichever makes this subpoena more inclusive.

r.      The words "any," "all," and "each" shall be construed to mean any, all, each, and every.

## INSTRUCTIONS

1.      These Requests shall apply to all Documents in your possession, custody, or control at the present time or coming into your possession, custody, or control.

  2. If no Documents are responsive to a particular Request, you are to state that no responsive Documents exist.

  3. If you object to any Request or part of any Request, produce all responsive Documents to which your objection does not apply.

  4. If you object to any Request on the ground that it is overbroad and/or unduly burdensome for any reason, state the specific basis for that ground, and respond to that Request as narrowed to the least extent necessary, in your judgment, to render it not overbroad/unduly burdensome and state specifically the extent to which you have narrowed that Request for purposes of your response and the factual basis for your conclusion.

  5. If, for reasons other than privilege, you refuse to produce Documents or you withhold Documents sought in any Request, state the grounds upon which the refusal or withholding is based with sufficient specificity to permit a determination of the propriety of such refusal or withholding.

  6. If in answering these Requests you claim any ambiguity in either the Request or an applicable definition or instruction, identify in your response the language you consider ambiguous and state the interpretation you are using in responding.

  7. All Documents requested are to be produced in the same file or other organizational environment in which they are maintained. For example, a Document that is part of a file, docket, or other grouping should be physically produced together with all other Documents from said file, docket, or grouping, in the same order or manner of arrangement as the original. Alternatively, as to each Document and thing produced in response hereto, you shall identify the Request for Production pursuant to which you have produced the Document. Where a Document or thing exists in hard copy and electronic format, you shall produce both the hard and electronic copy.

8. These Requests seek all responsive Documents in their original language and, if such original language is not English, these Requests also seek all English-language translations that may exist for any such Documents.

9. Each Document is to be produced along with all drafts, without abbreviation or redaction.

10. If multiple copies of a Document exist, produce every copy on which appear any notations or markings of any sort not appearing on any other copy, and every copy that is not otherwise identical to every other copy.

11. The Documents produced in response to these Requests shall be (i) organized and designated to correspond to the categories in these Requests or (ii) produced as they are maintained in the normal course of business, and in either case:

    i. all associated file labels, file headings, and file folders shall be produced together with the responsive Documents from each file, and each file shall be identified as to its owner or custodian;

    ii. all Documents that cannot be legibly copied shall be produced in their original form; otherwise, you may produce photocopies; and

    iii. each page shall be given a discrete production number.

12. Nothing in these Requests, or in the Definitions set forth above, shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the Definition or Request.

13. If you know of the existence, past or present, of any Documents or Things requested below, but are unable to produce such Documents or Things because they are not in your possession, custody, or control, you shall so state and shall identify such Documents or Things and the person who has current possession, custody, or control of the identified Documents or Things.

14. Whenever you claim that any document or thing responsive to any of the numbered requests below is privileged or immune from discovery as work product or unswearable in full for any reason, you should answer the request to the extent that the document or thing is not withheld on such grounds and provide, within ten (10) days after objections based on privilege to the underlying requests are due, a list providing the number of the particular document or thing withheld, and the full identification of any withheld document, thing, or portions thereof, including:

    i. its date;
    ii. the author(s)/sender(s);
    iii. the recipient(s), including copy recipient(s);
    iv. the general subject matter of the document;
    v. the specific grounds for not answering in full, including the nature of the privilege (e.g., attorney-client privilege, work product) or other rule of law relied upon to withhold the document or thing, and the facts supporting those grounds; and
    vi. a certification that all elements of the claimed privilege have been met and not waived with respect to each document.

# REQUESTS FOR DOCUMENTS AND THINGS

1. All Documents relating to the market share (whether globally, in the European Union, the European Economic Area, Germany or in the United States) or competitive position of Qualcomm or any of its actual, potential, current, or past competitors in the sale of Baseband Processor Chipsets and Radio Frequency Integrated Circuits, or in the markets for CDMA, UMTS, LTE, or Premium LTE Baseband Processor Chipsets since January 1, 2011.

2. All Documents containing or constituting product roadmaps for Qualcomm's Baseband Processor Chipsets and Radio Frequency Integrated Circuits—i.e., showing the Baseband Processor Chipsets and Radio Frequency Integrated Circuits that Qualcomm plans to produce and sell—since January 1, 2011, including but not limited to UMTS, CDMA, LTE, and Premium LTE Baseband Processor Chipsets and Radio Frequency Integrated Circuits.

3. Documents sufficient to show, on an annual basis since January 1, 2011, any tiers or product segments by which Qualcomm classifies Baseband Processor Chipsets and Radio Frequency Integrated Circuits, including but not limited to UMTS, CDMA, LTE, and Premium LTE Baseband Processor Chipsets.

4. All Documents containing analysis of competition with Qualcomm's Premium LTE Baseband Processor Chipsets and Radio Frequency Integrated Circuits created by Qualcomm after January 1, 2011.

5. All competitive analysis or industry analysis relating to Baseband Processor Chipsets and Radio Frequency Integrated Circuits referring to Intel.

6. All Documents and things relating to Qualcomm's analysis, consideration, or evaluation of whether any Apple product, device, apparatus, method, process, or system infringes any claim of European Patent Nos. 2,954,737, 2,724,461, 1,199,760, 1,955,529, 3,094,067, 1,956,806, 3,054,658, 3,036,768, or 2,460,270, their U.S. counterparts (e.g., U.S. Patent Nos. 8,698,558, 9,608,675), or

any other Related Patent, including, without limitation, all Documents and things concerning any test, evaluation, or reverse engineering of any Apple product, device, apparatus, method, process, or system conducted by or on behalf of Qualcomm.

7. All Agreements between Qualcomm and Apple's Contract Manufacturers, including all license Agreements.

## TOPICS FOR TESTIMONY

1. The subject matter of the Requests for Production of Documents and Things to be Produced, Nos. 1-7.

2. The authenticity of Documents and Things produced pursuant to this subpoena.

3. The process of collecting Documents and Things produced pursuant to this subpoena.