UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Ex Parte Application of APPLE INC.; APPLE DISTRIBUTION INTERNATIONAL; AND APPLE RETAIL GERMANY B.V. & Co. KG | Case No.: 18cv1055-DMS-MDD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**<br><br>**[ECF Nos. 1, 2]** |

On May 29, 2018, Petitioners Apple Inc.; Apple Distribution International; and Apple Retail Germany B.V. & Co. KG ("Apple") filed an ex parte application requesting leave to obtain targeted discovery from Qualcomm Incorporated ("Qualcomm") for use in foreign proceeding pending in Germany. (ECF Nos. 1, 2). The matter was referred to this Court on July 27, 2018. Qualcomm responded in opposition on August 13, 2018. (ECF No. 10). As provided below, Apple's application is **GRANTED IN PART AND DENIED IN PART.**

## LEGAL STANDARD

A district court may grant an application under 28 U.S.C. § 1782, and order the production of non-privileged documents or testimony for use in a foreign legal proceeding, when: 1) the person from whom the discovery is sought resides in the district to which the application is made; 2) the discovery is for use in a proceeding before a foreign tribunal; and, 3) the applicant is a foreign or international tribunal or "interested person." 28

U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices,* 542 U.S. 241, 246-47 (2004).

Even if the statutory criteria is met, the district court is not required to grant the application, instead retaining the discretion to determine what discovery, if any, should be granted. *Intel*, 542 U.S. at 246. There are several factors identified in *Intel* that the court should consider in exercising its discretion:

> "(1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 aid;
>
> (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance;
>
> (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and,
>
> (4) whether the subpoena contains unduly intrusive or burdensome requests."

542 U.S. at 264-65.

## DISCUSSION

A. Statutory Requirements

Regarding the statutory requirements, there is no dispute that Qualcomm resides in this district and that Apple, as a party to the proceedings in Germany is an "interested person." Qualcomm disputes the claim by Apple that the discovery sought is "for use" in the German proceedings because Apple cannot demonstrate relevance, relying upon *In re Schlich*, 893 F.3d 40, 52 (1st Cir. 2018).

Apple has begged the question by failing to support its application with

a copy of the subpoena it wishes to serve upon Qualcomm. Instead, Apple asserts that it is seeking three narrowly tailored categories of discovery: 1) discovery regarding the existence of a premium baseband chip market; 2) discovery regarding Qualcomm's testing to determine whether Apple's products incorporate the alleged invention(s); and, 3) discovery regarding Qualcomm's licensing agreements with Apple's iPhone manufacturers. (ECF No. 2 at 2).[1] Apple asserts also that the information sought is "critical." (*Id.* at 8). Yet, Apple provides no context for these assertions and their relevance to the pending foreign proceedings is not patent.

Category 1, discovery regarding the existence of a premium baseband market is unlimited in time or scope. Category 2 referenced the patents-in-suit and may, if the requests properly were limited, may be relevant. Category 3, regarding Qualcomm's licensing agreements with Apple's iPhone manufacturers, may be relevant if limited to the patents-in-suit.

To the extent that the "for use" requirement of § 1742(a) includes a showing of relevance, Apple mostly has failed to meet it. Rather than end it here, the Court will err on the side of discovery and proceed to consider the *Intel* factors.

B. *Intel* Factors

1. <u>Is the material obtainable through the foreign proceeding?</u>

Apple is the defendant in the German proceedings. "The need for § 1782 aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad" because "[the] foreign tribunal has jurisdiction over those appearing before it, and can itself

---

[1] The Court will use the pagination supplied by CM/ECF, rather than original pagination, throughout.

3
18cv1055-DMS-MDD

order them to produce evidence." *Intel*, 542 U.S. at 264. Apple has proffered nothing on the topic of whether this evidence can be obtained through the German proceedings. Apple relies on cases finding this factor to be neutral when considering the German courts. Qualcomm, for its part, asserts that this factor supports denial or, at a minimum, is neutral.

Apple and Qualcomm have a history of using § 1742 to obtain discovery from each other for use in Germany. *See In re Ex Parte Application of Qualcomm Incorporated*, No. 18-mc-80104-VKD, 2018 WL 38445882 *3 (N.D. Ca. Aug. 13, 2018). As noted in that case, both parties argued in their own previous applications that this factor is neutral. Qualcomm's assertion in this case, that this factor supports denial, considering that it argued to the contrary in its own application in the Northern District of California, is disingenuous at best. The Court will find the factor to be neutral, under the circumstances.

## 2. Receptivity of the Foreign Tribunal to US evidence

Apple states only that it is unaware of any reason to believe that the German court would not be receptive to this evidence. Qualcomm asserts that Apple failed in its burden of showing that the German courts would be receptive. This, again, flies in the face of the position Qualcomm took before the Northern District in its application. This factor is neutral inasmuch as neither party has provided any useful information.

## 3. Circumvention of Proof-Gathering Restrictions

Apple asserts that it is unaware of any restrictions on proof-gathering procedures that would prohibit obtaining this discovery. Qualcomm asserts that because Apple is seeking irrelevant information, the German courts would not countenance this discovery. As discussed above and will be discussed below, the Court has concerns regarding relevance. Nonetheless,

4

the Court finds this factor neutral inasmuch as neither party has provided any useful information other than other courts seem to allow it.

### 4. Unduly Burdensome or Intrusive

Here, Apple has a problem. It did not provide its proposed subpoena to the Court. It stated that it was seeking discovery in three "narrowly tailored" categories, yet provided no context for the categories in relation to the litigation, described only as patent infringement. Qualcomm supplied the Court with the subpoena. The pertinent part appears at ECF No. 10-2 at 13-14. In reviewing the Requests for Production, the Court finds that RFPs 1, 2, 3, 4, 5 and 7 are unduly burdensome and unenforceable. There is no relation to any particular market or the patents-in-suit or the accused products. Only RFP 6 may survive but it, too, is overbroad and hence unduly burdensome. RFP 6 calls for any documents relating to Qualcomm's analysis of whether any Apple product infringes any claim of the patents-in-suit, their US counterparts or any other related patent or any document reflecting any test of any Apple product by Qualcomm.

The Court will limit RFP 6 to non-privileged documents reflecting Qualcomm's analysis of whether the accused products infringe the asserted patents.

The Topics for Testimony, listed at ECF No. 10-2 at 14, similarly are limited.

//
//
//
//
//
//

# CONCLUSION

The Court finds that the statutory requirements are met, albeit barely. The Court finds that in considering the *Intel* factors, three are neutral and one favors denial. The Court will allow Apple to serve a subpoena consistent with this Order.

**IT IS SO ORDERED.**

Dated: October 16, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge